RECEIPT # 52258
AMOUNT $ 150
SUMMONS ISSUED —
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-8-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE 2003 DEC -8 A 11:50 U.S. DISTRICT COURT DISTRICT OF MASS.

ROBERT PARSONS,

Plaintiff,

v.

VERIZON BELL ATLANTIC,

Defendant.

CIVIL ACTION NO.

03 12460 RCL

MAGISTRATE JUDGE

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendant Verizon Communications Inc. ("Verizon"), apparently the intended defendant in this action, hereby notices the removal of the above-captioned matter from the Superior Court for Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 03-05455. In support thereof, defendant states the following:

1. Plaintiff's complaint was filed with the Suffolk Superior Court, Civil Clerk's Office on November 17, 2003.

2. On information and belief, defendant Verizon has not received service of process in this action. By noticing removal of this action, Verizon does not waive and expressly reserves any and all rights and/or defenses as to service of process or the insufficiency thereof.

3. A true and correct copy of the complaint is attached hereto as Exhibit A and, on information and belief, constitutes all process, pleadings and orders currently in the possession of defendant Verizon in this action.

4. In accordance with the requirements of 28 U.S.C. § 1446, this notice of removal is filed within thirty (30) days after defendant Verizon first received a copy of the initial pleading setting forth the claims for relief upon which plaintiff's action is based as set forth above.

5. Plaintiff Robert Parsons is a resident of the Commonwealth of Massachusetts residing at 25 East Street, Middleton, MA in the County of Essex.

6. The correct name of defendant Verizon is Verizon Communications Inc. Defendant Verizon is a Delaware corporation, with its principal place of business at 1095 Avenue of the Americas, Room 3758, New York, NY.

7. Plaintiff's complaint alleges causes of action against the defendant for disability discrimination and age discrimination in violation of M.G.L. c. 151B. According to the Civil Action Cover Sheet filed in this action by the Plaintiff pursuant to Superior Court Rule 29, Plaintiff seeks back pay and emotional distress damages in the amount of Two Hundred Twenty-Five Thousand Dollars ($225,000). A true and accurate copy of the Civil Cover Sheet is attached as Exhibit B.

8. In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. Defendant Verizon respectfully asks that this action be removed to the United States District Court for the District of Massachusetts for further proceedings, as though this action had originally been instituted in that Court.

10. Pursuant to 28 U.S.C. § 1446(d), defendant Verizon will promptly file a copy of this notice of removal with the Clerk of the Superior Court, Suffolk County, Commonwealth of Massachusetts, and will also serve a copy upon counsel of record.

WHEREFORE, the defendant Verizon requests that the action now pending against it in the Superior Court of Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No.03-05455, be removed to this court.

Respectfully submitted,

VERIZON COMMUNICATIONS CORP.,

By its attorney,

Arthur Telegen (BBO #494140)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: December 8, 2003

AFFIDAVIT OF SERVICE
[illegible] depose
[illegible] that on this day a true
[illegible] above document was
[illegible] the attorney of record
[illegible] by mail by hand
[illegible] the pains and penalties
[illegible]
[illegible] 12/8/03



17/510842.1

A

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

| | | |
|---|---|---|
| ROBERT PARSONS, Plaintiff, | ) | 03-5455 E |
| v | ) | |
| VERISON BELL ATLANTIC Defendant | ) | |

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2003 NOV 17 P 1:3
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**COMPLAINT AND JURY CLAIM**

I. Parties

1. Robert Parsons ("Parsons") resides at 25 East Street, Midddleton, MA in the County of Essex.

2. Verizon Bell Atlantic ("Verison") is a corporation duly organized in the Commonwealth of Massachusetts with it principal place of business located at 185 Franklin Street, Boston, MA.

II. Facts

3. Parsons was born on October 10, 1949 and is currently 54 years of age.

4. Parsons was hired by Verizon on or about 1971 as a technician.

5. Parsons always performed his duties in a professional and competent manner.

6. On or about September 15, 1997, Parsons sustained an injury that was work related.

7. As a result of that injury, Parsons filed a Workers Compensation claim and that claim resulted in a finding that the injury Parsons sustained was work related and that he was eligible to receive workers compensation benefits.

8. Shortly thereafter Parsons was forced to retire from his employment from Verizon and began to receive retirement benefits.

9. On or about November 17, 2000, Parsons was informed that his retirement was under review and that he was to report to a Physician designated by the Company for the purposes of reviewing his medical condition.

10. Parson's ultimately agreed to undergo such a review.

11. As a result of the review, Parsons was informed that he was no longer eligible for disability benefits under NYNEX Pension Plan.

12. Parsons believes and therefore avers that Verizon must have concluded, based on their decision to end what they termed his disability retirement, that he was able to perform work related duties.

13. Parsons requested that he be reassigned to work by Version as a result of their discontinuance of his retirement benefits.

14. Parsons provided Verison with a doctor's letter, which stated that he could return to work with minor accommodations.

15. Verison has refused to rehire Parsons to his former position or to any other position within the Company.

16. Parsons believes and therefore avers that Verizon has refused to rehire him not for any lawful or legitimate reason but because he is handicapped within the meaning of M.G.L. 151B

COUNT I
(Handicap Discrimination)

17. Parsons reiterated the allegations contained in paragraphs 1 through 16 of this Complaint.

18. Parsons believes and therefore avers that these allegations constitute handicap discrimination within the meaning of M.G.L. c 151B.

WHEREFORE, Parsons demands judgment as follows:

A. That Parsons be reinstated to his former position with the Respondent and that he be awarded full back pay.

B. That damages be assessed against the Respondents for emotional stress suffered as a result of the wrongful termination from employment.

C. That the Respondents be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with M.G.L. 151(B).

COUNT II
(Age Discrimination)

19. Parsons reiterates the allegations contained in paragraphs 1 through 21 of the Complaint.

20. Parsons believes and therefore avers that he was replaced within the Company by an individual under the age of 40.

21. Parsons believes and therefore avers that Verizon has refused to rehire him not for any lawful or legitimate reason but because of his age in violation of M.G.L. 151B

WHEREFORE, Parsons demands judgment as follows:

A. That Parsons be reinstated to his former position with the Respondent and that he be awarded full back pay.

B. That damages be assessed against the Respondents for emotional stress suffered as a result of the wrongful termination from employment.

C. That the Defendants be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with M.G.L. 151(B).

The Plaintiff demands a trial by jury on all claims so trialable.

Robert Parsons.
By his Attorney

James R. Tewhey

James R. Tewhey
19 North Street
Salem, Massachusetts, 01970
(978)741-2255

B

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-5455 E | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Robert Parsons | Verizon Bell Atlantic |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: James R. Tewhey, Employment Law Advocates 19 North St. Salem, MA 01970 (978) 741-2255 | ATTORNEY (if known) |
| Board of Bar Overseers number: | |

**Origin code and track designation**

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE NOV 17 P 1:37 MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $
2. Total Doctor expenses .......... $
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses .......... $
5. Total other expenses (describe) .......... $

Subtotal $ ..........

$ 225,000

B. Documented lost wages and compensation to date .......... $
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .......... $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$

TOTAL $ 225,000

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record James R. Tewhey DATE: 11/17/03

**CIVIL ACTION COVER SHEET**
**INSTRUCTIONS**

**SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE**

**CONTRACT**

| Code | Description | Track |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| Code | Description | Track |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| Code | Description | Track |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

**SUPERIOR COURT RULE 29**

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**