UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2003 DEC 15  P 4:56

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ROBERT PARSONS,<br><br>      Plaintiff,<br><br>v.<br><br>VERIZON BELL ATLANTIC,<br><br>      Defendant. | CIVIL ACTION NO. 03-12460-RCL |

**ANSWER OF DEFENDANT VERIZON COMMUNICATIONS INC. TO PLAINTIFF'S COMPLAINT**

Defendant Verizon Communications Inc. ("Verizon") hereby answers Plaintiff's Complaint as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.  Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.  Defendant admits the allegations in Paragraph 4 of the Complaint to the extent that Plaintiff was employed from on or about 1971 as a technician by New England Telephone Company, a wholly-owned subsidiary of Verizon.[1] New England Telephone has been renamed Verizon New England Inc.

---

[1] New England Telephone was a wholly-owned subsidiary of, first, American Telephone and Telegraph, followed by NYNEX Corp., Bell Atlantic Corp., and now Verizon.

17/511130.1

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that on or about August 14, 1998, Plaintff retired from his employment and began to receive disability pension benefits under the NYNEX Pension Plan (the "Plan"), and otherwise denies the allegations of Paragraph 8 of the Complaint.

9. Defendant admits that the terms of the Plan required Plaintiff to submit to periodic medical evaluations of his disability, and otherwise denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff submitted to a periodic medical evaluation of his disability in accordance with the requirements of the Plan and otherwise denies the allegations of Paragraph 10 of the Complaint.

11. Defendant admits that, as a result of the medical evaluation of his disability, on or about November 17, 2000 Verizon notified Plaintiff that because his disability no longer met the requirements of the Plan, his disability pension benefits, and all other benefits he was entitled to as a disability pensioner would cease as of November 30, 2000.

12. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes or speculates, and otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant can find no record of any such request, and therefore denies the allegations in Paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant is unaware of any such refusal and therefore denies the allegations in Paragraph 15 of the Complaint.

16. Defendant states that Paragraph 16 contains legal conclusions as to which no responsive pleading is required, that Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes and avers, and otherwise denies the allegations in the Paragraph.

17. Defendant repeats its responses to the allegations in Paragraphs 1 through 16 of the Complaint.

18. Defendant states that Paragraph 18 and its subparagraphs A, B and C, contain legal conclusions and demands as to which no responsive pleading is required, that Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes and avers, and otherwise denies the allegations in the Paragraph.

19. Defendant repeats its responses to the allegations in Paragraphs 1 through 21 of the Complaint.

20. Defendant states that Paragraph 20 contains legal conclusions as to which no responsive pleading is required, that Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes and avers, and otherwise denies the allegations in the Paragraph.

21. Defendant states that Paragraph 21 and its subparagraphs A, B and C, contain legal conclusions and demands as to which no responsive pleading is required, that Defendant is

without knowledge or information sufficient to form a belief as to what Plaintiff believes and avers, and otherwise denies the allegations in the Paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to file a charge with the Massachusetts Commission Against Discrimination within the time prescribed by M.G.L. c. 151B § 5.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to present a *prima facie* case of age discrimination in violation of M.G.L. c 151B.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to present a *prima facie* case of disability discrimination in violation of M.G.L. c 151B.

### FIFTH AFFIRMATIVE DEFENSE

The termination of Plaintiff's employment by Verizon New England was voluntary, and otherwise occurred for legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an entitlement to reinstatement, back pay and/or emotional damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Verizon has at all relevant times administered the benefit program under which Plaintiff received a disability pension benefit in a legitimate, non-discriminatory manner.

### NINTH AFFIRMATIVE DEFENSE

Verizon has at all relevant times acted in good faith.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal labor law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

WHEREFORE, Verizon respectfully asks that this Court:

(1) enter judgment for Verizon on each and every count of Plaintiff's Complaint; and

(2) award Verizon such other and further relief as this Court deems just and proper.

VERIZON COMMUNICATIONS INC.

By its attorneys,

Arthur Telegen (BBO #494140)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: December 15, 2003

AFFIDAVIT OF SERVICE

I, _____ depose and state that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand signed under the pains and penalties of perjury.

Dated: 12/15/03

17/511130.1                                    - 5 -