FILED
CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC 16  A 11: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROBERT PARSONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  03-12460-RCL |
| | ) |
| VERIZON BELL ATLANTIC, | ) |
| | ) |
| Defendant. | ) |

**CERTIFIED DOCKET AND RECORD FROM**
**<u>SUFFOLK SUPERIOR COURT, CIVIL ACTION NO. 03-05455</u>**

19/428650.1

MAS-20030912
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

12/09/2003
03:32 PM

# SUCV2003-05455
## Parsons v Verizon Bell Atlantic

| | | | | | |
|---|---|---|---|---|---|
| File Date | 11/17/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 12/09/2003 | Session | E - Civil E | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 02/15/2004 | Answer | 04/15/2004 | Rule12/19/20 | 04/15/2004 |
| Rule 15 | 04/15/2004 | Discovery | 09/12/2004 | Rule 56 | 10/12/2004 |
| Final PTC | 11/11/2004 | Disposition | 01/10/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Robert Parsons
Active 11/17/2003

**Private Counsel 634810**
James R Tewhey
19 North St
Salem, MA 01970
Phone: 978-741-2255
Fax:
Active 11/17/2003 Notify

**Defendant**
Verizon Bell Atlantic
Service pending 11/17/2003

**Private Counsel 494140**
Arthur G Telegen
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: 617-832-1000
Fax: 617-832-7000
Active 12/09/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/17/2003 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 11/17/2003 | | Origin 1, Type B22, Track F. |
| 11/17/2003 | 2.0 | Civil action cover sheet filed |
| 12/09/2003 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Verizon Bell Atlantic Communications Inc. (Verizon), U. S. Dist.#(03-12460RCL). |
| 12/09/2003 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

. HEREBY ATTEST AND CERTIFY ON

DEC. 10, 2003 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

ROBERT PARSONS,            )
    Plaintiff,          )
               )
    v                   )
               )
VERISON BELL ATLANTIC     )
    Defendant           )

**03-5455 E**

## COMPLAINT AND JURY CLAIM

I.   Parties

1.   Robert Parsons ("Parsons") resides at 25 East Street, Midddleton, MA in the County of Essex.

2.   Verizon Bell Atlantic ("Verison") is a corporation duly organized in the Commonwealth of Massachusetts with it principal place of business located at 185 Franklin Street, Boston, MA.

II.  Facts

3.   Parsons was born on October 10, 1949 and is currently 54 years of age.

4.   Parsons was hired by Verizon on or about 1971 as a technician.

5.   Parsons always performed his duties in a professional and competent manner.

6.   On or about September 15, 1997, Parsons sustained an injury that was work related.

7.   As a result of that injury, Parsons filed a Workers Compensation claim and that claim resulted in a finding that the injury Parsons sustained was work related and that he was eligible to receive workers compensation benefits.

8.  Shortly thereafter Parsons was forced to retire from his employment from Verizon and began to receive retirement benefits.

9.  On or about November 17, 2000, Parsons was informed that his retirement was under review and that he was to report to a Physician designated by the Company for the purposes of reviewing his medical condition.

10. Parson's ultimately agreed to undergo such a review.

11. As a result of the review, Parsons was informed that he was no longer eligible for disability benefits under NYNEX Pension Plan.

12. Parsons believes and therefore avers that Verizon must have concluded, based on their decision to end what they termed his disability retirement, that he was able to perform work related duties.

13. Parsons requested that he be reassigned to work by Version as a result of their discontinuance of his retirement benefits.

14. Parsons provided Verison with a doctor's letter, which stated that he could return to work with minor accommodations.

15. Verison has refused to rehire Parsons to his former position or to any other position within the Company.

16. Parsons believes and therefore avers that Verizon has refused to rehire him not for any lawful or legitimate reason but because he is handicapped within the meaning of M.G.L. 151B

### COUNT I
### (Handicap Discrimination)

17. Parsons reiterated the allegations contained in paragraphs 1 through 16 of this Complaint.

18. Parsons believes and therefore avers that these allegations constitute handicap discrimination within the meaning of M.G.L. c 151B.

WHEREFORE, Parsons demands judgment as follows:

A.   That Parsons be reinstated to his former position with the Respondent and that he be awarded full back pay.

B.   That damages be assessed against the Respondents for emotional stress suffered as a result of the wrongful termination from employment.

C.   That the Respondents be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with M.G.L. 151(B).

COUNT II
(Age Discrimination)

19.   Parsons reiterates the allegations contained in paragraphs 1 through 21 of the Complaint.

20.   Parsons believes and therefore avers that he was replaced within the Company by an individual under the age of 40.

21.   Parsons believes and therefore avers that Verizon has refused to rehire him not for any lawful or legitimate reason but because of his age in violation of M.G.L. 151B

WHEREFORE, Parsons demands judgment as follows:

A.   That Parsons be reinstated to his former position with the Respondent and that he be awarded full back pay.

B.   That damages be assessed against the Respondents for emotional stress suffered as a result of the wrongful termination from employment.

C.   That the Defendants be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with M.G.L. 151(B).

The Plaintiff demands a trial by jury on all claims so trialable.

Robert Parsons.
By his Attorney

*James R. Tewhey*
James R. Tewhey
19 North Street
Salem, Massachusetts.    01970
(978)741-2255

I HEREBY ATTEST AND CERTIFY ON

DEC. 10, 2003    , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO.(s) 03-5455 E | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

PLAINTIFF(S) Robert Parsons

DEFENDANT(S) Verizon Bell Atlantic

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
James R. Tewhey, Employment Law Advocates
19 North St. Salem, MA 01970
Board of Bar Overseers number: (978) 741-2255

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK     IS THIS A JURY CASE?

B22     Employment Discrimination (F)     (X) Yes     ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ $ ............
2. Total Doctor expenses ......................................... $ ............
3. Total chiropractic expenses ................................... $ ............
4. Total physical therapy expenses .............................. $ ............
5. Total other expenses (describe) .............................. $ ............
                                                    Subtotal $ ............
B. Documented lost wages and compensation to date ................. $ 225,000
C. Documented property damages to date ............................ $ ............
D. Reasonably anticipated future medical and hospital expenses .... $ ............
E. Reasonably anticipated lost wages .............................. $ ............
F. Other documented items of damages (describe)
                                                              $ ............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                              $ ............
                                               TOTAL $ 225,000.

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                               TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   James R. Tewhey   DATE: 11/17/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

. HEREBY ATTEST AND CERTIFY ON
DEC. 10, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
ASSISTANT CLERK



*Suffolk Superior* Civil # 03-5455E

**COPY**

FILED IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC -8 A

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT PARSONS, )
)
Plaintiff, )
)
v. )   CIVIL ACTION NO.
)
VERIZON BELL ATLANTIC, )
)   **03  12460 RCL**
Defendant. )

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendant Verizon Communications Inc. ("Verizon"), apparently the intended defendant in this action, hereby notices the removal of the above-captioned matter from the Superior Court for Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 03-05455. In support thereof, defendant states the following:

1. Plaintiff's complaint was filed with the Suffolk Superior Court, Civil Clerk's Office on November 17, 2003.

2. On information and belief, defendant Verizon has not received service of process in this action. By noticing removal of this action, Verizon does not waive and expressly reserves any and all rights and/or defenses as to service of process or the insufficiency thereof.

3. A true and correct copy of the complaint is attached hereto as Exhibit A and, on information and belief, constitutes all process, pleadings and orders currently in the possession of defendant Verizon in this action.

17/510842.1

4. In accordance with the requirements of 28 U.S.C. § 1446, this notice of removal is filed within thirty (30) days after defendant Verizon first received a copy of the initial pleading setting forth the claims for relief upon which plaintiff's action is based as set forth above.

5. Plaintiff Robert Parsons is a resident of the Commonwealth of Massachusetts residing at 25 East Street, Middleton, MA in the County of Essex.

6. The correct name of defendant Verizon is Verizon Communications Inc. Defendant Verizon is a Delaware corporation, with its principal place of business at 1095 Avenue of the Americas, Room 3758, New York, NY.

7. Plaintiff's complaint alleges causes of action against the defendant for disability discrimination and age discrimination in violation of M.G.L. c. 151B. According to the Civil Action Cover Sheet filed in this action by the Plaintiff pursuant to Superior Court Rule 29, Plaintiff seeks back pay and emotional distress damages in the amount of Two Hundred Twenty-Five Thousand Dollars ($225,000). A true and accurate copy of the Civil Cover Sheet is attached as Exhibit B.

8. In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. Defendant Verizon respectfully asks that this action be removed to the United States District Court for the District of Massachusetts for further proceedings, as though this action had originally been instituted in that Court.

10. Pursuant to 28 U.S.C. § 1446(d), defendant Verizon will promptly file a copy of this notice of removal with the Clerk of the Superior Court, Suffolk County, Commonwealth of Massachusetts, and will also serve a copy upon counsel of record.

17/510842.1                                  - 2 -

WHEREFORE, the defendant Verizon requests that the action now pending against it in

the Superior Court of Suffolk County, Department of the Trial Court of the Commonwealth of

Massachusetts, Civil Action No.03-05455, be removed to this court.

Respectfully submitted,

**. HEREBY ATTEST AND CERTIFY ON**
DEC. 10, 2003 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

    MICHAEL JOSEPH DONOVAN
    CLERK / MAGISTRATE
    SUFFOLK SUPERIOR CIVIL COURT
    DEPARTMENT OF THE TRIAL COURT

BY. _____
      ASSISTANT CLERK

VERIZON COMMUNICATIONS CORP.,

By its attorney,

Arthur Telegen (BBO #494140)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: December 8, 2003

## AFFIDAVIT OF SERVICE

I, _____ depose
and state that on this day a true
copy of the above document was
served upon the attorney of record
for each party by mail/by hand
signed under the pains and penalities
of perjury.

Dated: 12/8/03 _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT

```
                                    )
ROBERT PARSONS,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )         CIVIL ACTION
                                    )         NO. 03-5455E
VERIZON BELL ATLANTIC,              )
                                    )
        Defendant.                  )
                                    )
```

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO THE CLERK OF SUFFOLK SUPERIOR COURT:**

Please take notice that on December 8, 2003, the defendant Verizon Communications Inc. (apparently the intended defendant in this action) filed a Notice of Removal in the above-captioned case with the United States District Court for the District of Massachusetts. A certified copy of the Notice of Removal is filed herewith.

VERIZON COMMUNICATIONS INC.,

By its attorneys,

Arthur G. Telegen, BBO #494140
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: December 8, 2003

**AFFIDAVIT OF SERVICE**

I, _____ depose and state that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand signed under the pains and penalities of perjury.

Dated: 12/8/03

19/428264.1