UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12460-RCL

| | |
|---|---|
| ROBERT PARSONS<br>        Plaintiff<br><br>v.<br><br>VERIZON BELL ATLANTIC<br>        Defendants | |

## Local Rule 16.1(D) Joint Statement

The parties submit the following joint statement in accordance with LR 16.1(D).

1. **Statements of the Parties**

    a. **Plaintiff**

The Plaintiff alleges that he suffered a work related injury and as such was handicapped as a matter of law (See MGL c. 152 §75). On or about November 17, 2000, Parsons was informed that his retirement was under review and that he was to report to a Physician designated by the Company for the purposes of reviewing his medical condition. That examination resulted in a report that cleared his return to work. However, the Company has refused to rehire Parsons. Parsons alleges that this refusal was and is based on both a perception that he is handicapped and his handicap. In addition Parsons' alleges that the refusal to rehire him was based on his age.

17/514842.1

### b. Defendant

As a preliminary matter, Defendant[1] notes that Plaintiff's theory of liability depends on allegations that Verizon refused to rehire him following a request for rehire. Unfortunately, despite repeated requests to do so, until today Plaintiff was unable to identify the person or persons to whom Plaintiff alleges he requested rehire. This failure has hampered Defendant's ability to properly investigate Plaintiff's allegations.

Regarding liability, Defendant states that it has not discriminated against Plaintiff. Rather, Plaintiff's benefits under the NYNEX Pension Plan were terminated in accordance with the terms of the plan, when a routine medical examination determined that he was no longer totally disabled. The Plan does not provide a right of rehire. Defendant's records do not show that Plaintiff is disqualified from rehire, but he must apply and be selected as a qualified applicant. Defendant has been unable to locate any record of Plaintiff applying for rehire, although, as stated above, Plaintiff's inability to identify a request for rehire hampers Defendant's ability to investigate this matter. Moreover, Defendant observes that since approximately the end of 2000, it has been in a "surplus" staffing condition, which means that even if Plaintiff did apply for rehire, there may be no position available for which he is qualified.

### 2. Joint Discovery Plan

   a. All written discovery shall be served on or before March 15, 2004.

   b. All depositions shall be completed on or before July 30, 2004.

   c. The Parties agree that discovery shall be limited in accordance with LR 26.1(c), but that a party may request additional discovery in accordance with LR 26.2(B).

---

[1] As Defendant has noted in prior filings, its correct name is Verizon Communications Inc.

3. **Motion Schedule**

1. Any motions for joinder or amendment shall be filed on or before March 26, 2004.

2. All dispositive motions shall be filed on or before September 15, 2004.

4. **Trial by Magistrate Judge**

The parties do not consent to trial by magistrate judge.

5. **Phased Discovery**

The parties have determined that conducting "phased discovery" would be neither beneficial nor desirable in this matter.

Respectfully submitted,

_James R. Tewhey / by C.P. per telephone authorization_
James R. Tewhey
BBO # 634810
19 North Street
Salem, MA 01970
(978) 741-2255

_____
Arthur G. Telegen BBO # 494140
Christopher Powell BBO # 658884
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000