AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM

---

EMPLOYEE/MEDICAL INFORMATION

ge 49  No. of Dependents 1  AWW $1,486.00                Comp. Rate $473.00

Soc.Sec. 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  Occupation Technician  Educ. Background High School

On Social Security Disability: Yes [X]   No [ ]

On Public Employee Disability Retirement: Yes [ ]   No [X]

Diagnosis: ____Bilateral Carpal Tunnel_____

Present Medical Condition: _____Stable_____

Present Work Capacity _____Limited_____ Third Party Action None

---

Give Brief History And Reasons Why Settlement Is In the Employee's Best Interest (please specify any allocations)

The employee sustained bilateral carpal tunnel injuries as the result of his work as a technician for the employer, Bell Atlantic. As the result of the worsening of his bilateral carpal tunnel symptoms, Mr. Parsons was forced to stop work on September 15, 1997. A claim was thereafter filed on his behalf which was denied by the self-insurer. Following a Conference, the Administrative Judge ordered the self-insurer to pay the employee retroactive and continuing Section 35 benefits. Both parties appealed this Conference Order. An impartial examination was scheduled and performed. Mr. Parsons underwent carpal tunnel release surgery to both wrists. The parties then agreed to have Mr. Parsons evaluated for a second time by the impartial examiner. This examination took place and the doctor thereafter forwarded his report to the Administrative Judge. This matter was settled between the parties prior to the Hearing date.

The insurer agrees to accept liability for the employee's bilateral carpal tunnel syndrome diagnoses. The self-insurer will pay all outstanding related medical bills and prescriptions at Board Rates. The self-insurer will pay for reasonable related and necessary future medial expenses associated with Mr. Parsons' bilateral carpal tunnel syndrome.

A Section 36 allocation of $5,000.00 has been made and attorney's fees have been adjusted accordingly.

The net recovery of $55,758.00 is allocated over the employee's life expectancy of 27.9 years. According to Life Tables Vol. 11, Sec. 6, Vital Statistics of the United States (DHHS pub. No. 96-1104), given the fact that Robert Parsons is 49 years of age, is a white male, life expectancy is a further 27.9 years, or 334.8 months. Since this settlement represents a full and final settlement to the Employee for lost wage or disability benefits recoverable from New England Telephone as a result of his work-related injury on 9/15/97, settlement in the net amount of $55,758.00 represents payment of $166.54 per month for the remainder of the Employee's life. Should there be an issue concerning the proper level of Social Security offset in view of the receipt of Workers' Compensation Benefits and in view of the Decision in Sciarotta v. Bowen, 837 F. 2nd 135 (3rd Cir. 1988) an amount of $166.54 per month of workers' compensation benefits should be utilized in assessing an appropriate offset of Social Security payments.

In view of the following facts, and or risks of further litigation, Counsel for the Employee believes that settlement as proposed is in the Employee's best interest. Ongoing litigation inevitably carries risks which cannot be precisely calculated. The parties ask that this settlement be approved.

---

Received of ____New England Telephone_____ the Lump Sum of Seventy-five thousand ____dollars and zero cents ($75,000.00). This payment is received in redemption of the liability for all weekly payments now or in the future due me under the Workers' Compensation Act for all injuries received by me, ____Robert Parsons____ on or about 9/15/97 while in the employ of ____Bell Atlantic____ I understand that after all of the deductions herein, I will receive the net of $55,758.00. I am fully satisfied with and request approval of this settlement.

---

SIGNATURE                                           ADDRESS                ZIP

CLAIMANT _[signature]_                              25 East St., Middleton, MA 01949

CLAIMANT'S COUNSEL _[signature]_                    Alan S. Pierce, 27 Congress St., Salem, MA 01970

INSURER'S COUNSEL _[signature]_                     122 Dean St., Taunton, MA 02780

signed this ____ day of ____ 1999.

# The Commonwealth of Massachusetts
## Department of Industrial Accidents
600 Washington Street
Boston, MA 02111

## AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT UNDER G.L. CH. 152
For Injuries Occurring on or After November 1, 1986

EMPLOYEE ___Robert Parsons___          AMOUNT OF LUMP SUM ___$ 75,000.00___

EMPLOYER ___Bell Atlantic___           TOTAL DEDUCTIONS ___$ 19,242.00___

INSURER ___New England Telephone___    NET TO CLAIMANT ___$ 55,758.00___

BOARD NUMBER ___03986197___            TOTAL PAYMENTS ___$111,900.00 (approx.)___
                                       (WEEKLY BENEFITS PLUS LUMP SUM)
DATE OF INJURY ___9/15/97___

---

CHECK WHERE APPLICABLE

[X]   Liability has been established by acceptance or by standing decision of the Board, the reviewing board, or a court of the Commonwealth and this settlement shall not redeem liability for the payments of medical benefits or vocational rehabilitation benefits with respect to such injury.

[ ]   Liability has not been established by acceptance or by standing decision of the Board, the reviewing board or a court of the Commonwealth and this settlement shall redeem liability for payment of medical benefits or vocational rehabilitation benefits with respect to such injury.

[X]   In addition to the lump sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

[ ]   The employee is currently receiving a cost-of-living adjustment.

*APPROVED MAR 4 1999*

---

DEDUCTIONS: From the lump sum amount stated above the amounts listed below will be deducted and paid directly to the following parties:

|     | NAME | ADDRESS |
|---|---|---|
| 1. $ 14,000.00 lawyer's fee | Alan S. Pierce | 27 Congress St., Salem, MA 01970 |
| 2. $ 242.00 lawyer's expenses | Alan S. Pierce (Documentation attached) | 27 Congress St., Salem, MA 01970 |
| 3. $ ___ liens | | |
| 4. $ 5,000.00 | Robert Parsons (Section 36) | 25 East St., Middleton, MA 01949 |
| 5. $ ___ | | |
| 6. $ ___ | | |
| 7. $ ___ | | |