FEB-17-2005 15:29 FROM:OFFICE JAMES R TEWHE 9784435057        TO:16173288094        P.2/3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT PARSONS )   CIVIL ACTION NO. 03-12460-RCL
        Plaintiff )
 )
v. )
 )
VERIZON BELL ATLANTIC )
        Defendants )

## AFFIDAVIT OF MYLES CALVEY

My name is Myles Calvey and I am over the age of twenty-one and understand the meaning of an oath.

1.  I am currently the business manager of Local No. 2222 of the International Brotherhood of Electrical Workers and have been since 1999.

2.  Robert Parsons was a member of this local during the period of time that he was employed by Verizon Bell Atlantic.

3.  Robert Parsons was employed by Verizon from 1971 to 1999.

4.  In 1999, Mr. Parsons suffered a job related injury and was out of work for a period that exceeded fifty-two (52) weeks.

5.  Because Mr. Parsons was out for a period of fifty two (52) weeks, he was terminated from his employment with the company and was placed on a disability pension.

6.  At that point, Mr. Parsons would not have been considered a union member because he was retired.

7.  At some point in time, the Company determined that Mr. Parsons was no longer disabled and terminated his pension.

8.  In accordance with the Collective Bargaining Agreement, Mr. Parsons could have reapplied for a position with the Company.

I.B.E.W. LOCAL 2222   Fax:6173288094   Feb 17 2005 15:13   P.03

9. Mr. Parsons was required to notify the company that he wanted to return to work.

10. The Company was required to notify the Union that a members benefits were about to expire. This notification was to occur within nine (9) months of the expiration of the member's benefits

11. The purpose of notifying the union of the expiration of benefits is to allow the union and the company to work together to assist the member in his reapplication for employment if the employee wishes to return to work.

12. At no time did the Company notify the union that Mr. Parsons' benefits were to expire and therefore the union was never able to assist Mr. Parsons in his application process for reemployment.

13. The union has on a number of occasions worked with the company to get disabled former employees accommodations in order to allow the employee to return to work.

14. Former employees are to be given preference if they wish to return to work and three are job openings within the company for which they would be eligible.

15. During the period 1999 to the present, the Company has hired individuals into positions for which Mr. Parsons would have been eligible.

Signed under the pains penalties of perjury this _17 TH_ day of February 2005.

Myles Calvey