UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -3  P 12: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROBERT PARSONS,<br>        Plaintiff,<br><br>v.<br><br>VERIZON BELL ATLANTIC,<br>        Defendant. | CIVIL ACTION NO. 03-12460-RCL |

**DEFENDANT VERIZON INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

In his Memorandum of Law in Support of his Motion in Opposition to Defendant's Motion for Summary Judgment on his claim of discriminatory refusal to rehire ("Pl.'s Memo."), Plaintiff Robert Parsons ("Parsons") offers no specific facts to prove that a job was available, that he was considered for it, or, even assuming that he was considered and rejected, why he was rejected. Instead, he offers vague allegations that Defendant Verizon Communications Inc. ("Verizon") hired people into jobs for which he would have been qualified in the two years before and the four years since he allegedly applied for a job, and that Verizon violated unspecified provisions of the collective bargaining agreement between it and the International Brotherhood of Electrical Workers (the "Union") by the manner in which it terminated his disability pension. But even if these facts were true, there remains no evidence that a job was available when Parsons allegedly applied or that anyone at Verizon ever received or considered Parsons' application. Likewise, even if Verizon violated the contract in its handling of the termination of Parsons' benefits, that fact would do nothing to plug the holes in Parsons'

FHBOSTON/2769756.1

evidence of discriminatory refusal to rehire. Thus, Parsons continues to be unable to establish a prima facie case and Verizon remains entitled to summary judgment.

## ARGUMENT

In its Memorandum of Law in Support of its Motion for Summary Judgment, Verizon discharged its obligation under Rule 56 to inform the district court of the basis for its motion, and identify those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Verizon pointed out that Parsons had adduced no more than a return receipt to establish that he had applied for a job, and no evidence whatsoever that a job was available, that such a job remained open after Parsons applied, that someone at Verizon considered and rejected his application, and that the hypothetical decision maker did so on the basis of Parsons' age and/or disability.

In opposing Verizon's motion, Parsons was obliged to come forward with sufficient evidence to generate a trialworthy issue. Id. at 322. That evidence would have to amount to more than a mere scintilla; rather, it would have to allow a reasonable jury to find in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). However the evidence Parsons offers fails to do so.

The only facts Parsons offers that were not contained in Verizon's initial motion are included in the affidavit of Myles Calvey ("Calvey"), business manager for Local 2222 of the Union, which represented Parsons while he was employed at Verizon. Verizon has moved the Court, in a separate filing, to strike portions of Calvey's affidavit as failing to conform to the requirements of Rule 56(e). But even if the Court struck none of the statements identified in

Verizon's separate Motion, Calvey's testimony would not suffice to overcome Verizon's Motion for Summary Judgment because it fails to create any genuine issues of material fact

Like the evidence he offered to prove that he had applied for a job, the evidence Parsons offers through Calvey to prove that a job was available in February and June of 2001 and that that job remained available after he was rejected, does not weigh even a scintilla. Here, Parsons offers Paragraph 15 of Calvey's affidavit, in which Calvey states the following:

> During the period 1999 to the present, the Company has hired individuals into positions for which Mr. Parsons would have been eligible.

Affidavit of Myles Calvey, ¶ 15. As argued in the separate Motion to Strike, the Affidavit provides no foundation to establish that Calvey has personal knowledge of Verizon's hiring during this period. Even if the Court does not strike this paragraph, it should give no weight to Calvey's statement as it fails to meet the standard of personal knowledge required by Rule 56(e). And even if the Court were to consider Calvey's statement, it is too vague to create a genuine issue for trial. See Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 (1st Cir. 1988) ("vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56").

But even were the Court to get past the statement's evidentiary infirmities, even read generously Paragraph 15 does not support the multiple inferences for which Parsons cites it. Those inferences are:

- that "the position he had occupied remained open and Defendant sought to fill it", Pl.'s Memo., 14 (Feb. 22, 2005),
- "that the company hired other individuals into those positions" Id. at 15, and
- "that he was replaced by individuals younger than himself." Id. at 17

Calvey's statement says nothing about whether Parsons' old job was available in February and June of 2001, or whether the job remained open afterward and that Verizon hired someone to fill

it, much less someone younger than Parsons. Calvey's statement says only that sometime between 1999 and 2005 Verizon hired someone for a job for which Parsons was qualified. This is not evidence from which a reasonable jury could find that there was a job available in February or June of 2001 for which Parsons was qualified and that after Verizon considered and rejected Parsons' application the job remained open or was filled by a younger person.

Moreover, even if the Court were to accept the inference Parsons urges, it would not raise a genuine issue of material fact because there remains insufficient evidence on the remainder of Parsons' prima facie case. He offers no new evidence that he applied for that job or that anyone at Verizon considered his application and declined to hire him. He continues to rely solely on a return receipt demonstrating that he sent something to Verizon in June of 2001, and on his uncorroborated claims that he mailed his resume in February of 2001 and emailed it in both February and June. Absent sufficient evidence to allow a jury to find in his favor on these elements of his prima facie case, it is immaterial whether a job was available and Verizon remains entitled to summary judgment.

Finally, Parsons makes claims based on the collective bargaining agreement between Verizon and the Union in an unsuccessful attempt to bolster his case. Here again, Verizon has argued in its separate motion that Calvey's affidavit statements concerning alleged contractual rights and duties should be stricken. But even if the Court does not strike Calvey's statements, they do nothing to shore up Parsons' case. Even supposing that Verizon did not satisfy some obligation to notify the Union before terminating Parsons' pension,[1] and that Parsons was

---

[1] Verizon is aware of no such contractual obligation. Calvey's affidavit, lacking any citation to a contractual provision much less a copy of such provision, is insufficient to create a dispute of fact on this issue, even if such a dispute would be material. See Charles A Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure, Vol. 10A, § 2722, at 56-58 (2d 3d. 1983) (averments made in Rule 56 affidavit to unattached contracts may be sufficient to establish a triable issue as to their existence, but not as to their terms).

entitled to preference in rehire, these facts do nothing to establish that there was a job available in February and June of 2001 for which Parsons applied and that his application was considered and rejected because of his age or handicap. Thus, even if Parsons' claims concerning the contract are true or raise a genuine dispute, those facts or disputes would not be material because they do not affect the outcome. See Anderson, 477 U.S. at 248 (1986).

## CONCLUSION

For all the foregoing reasons, as well as those set out in its Memorandum of Law in Support of its Motion for Summary Judgment, Verizon respectfully requests that this Court enter summary judgment in its favor, and award such other relief as the Court may deem just and proper.

VERIZON COMMUNICATIONS INC.

By its attorneys,

*/s/ Christopher Powell*
Arthur G. Telegen BBO # 494140
Christopher Powell BBO # 658884
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: March 3, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 3/3/05 /s/ Christopher Powell