UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ROBERT PARSONS,

    Plaintiff,

v.

VERIZON BELL ATLANTIC,

    Defendant.

CIVIL ACTION NO. 03-12460-RCL

---

## DEFENDANT VERIZON COMMUNICATIONS INC.'S MOTION TO STRIKE THE AFFIDAVIT OF MYLES CALVEY

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, Defendant Verizon Communications Inc. ("Verizon"), moves this Court to strike the specified portions of the Affidavit of Myles Calvey ("Calvey Affidavit") submitted by Plaintiff Robert Parsons ("Parsons") in support of his Opposition the Defendant's Motion for Summary Judgment.

Affidavits offered in opposition to summary judgment "shall be made on personal knowledge...[and] shall set forth such facts as would be admissible in evidence." Fed. R. Civ. Pro. R. 56(e). Further, [s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Id. Because the paragraphs of Calvey's Affidavit identified below fail to meet one or more of these requirements, those paragraphs should be stricken.

1.     Paragraphs Three, Four, Five and Seven of Calvey's Affidavit should be stricken because there is no indication that Calvey had personal knowledge of the facts set forth therein and his statements amount to inadmissible hearsay.

In Paragraphs Three, Four, Five and Seven of Calvey's Affidavit, Calvey essentially reiterates the history of Parsons' employment with Verizon, his retirement on a disability pension

and the subsequent termination of that pension. However, nowhere does Calvey state that he has personal knowledge of these facts. Nor does he state any basis for his having personal knowledge of these facts. While Calvey is the business agent for Local No. 2222 of the International Brotherhood of Electrical Workers (the "Union"), of which Parsons was a member while employed at Verizon, there is no basis for inferring that Calvey has personal knowledge of the facts concerning the employment, retirement and subsequent history of individual members of the Union. Ultimately, Calvey's recitation appears to be nothing more than the repetition of the story he heard from Parsons. As such, each statement in these paragraphs is not based on personal knowledge, but is instead inadmissible hearsay, and should be stricken.

2. Paragraphs Eight, Nine and Ten of Calvey's Affidavit should be stricken because they do not set forth facts that would be admissible in evidence and no portions of the contract are attached.

These three paragraphs in Calvey's Affidavit consist solely of allegations by Calvey concerning Parsons' and Verizon's alleged rights and obligations under the collective bargaining agreement between Verizon and the Union. But to prove the content of the collective bargaining agreement at trial, Parsons must offer a copy of that agreement. See Fed. R. Evid. Rule 1002. The drafters of Rule 56(e) anticipated this, by including in the rule the requirement that verified copies of papers referred to in an affidavit should be attached or served with the affidavit. Since Calvey's conclusory testimony would not be admissible to establish the terms of the collective bargaining agreement at trial, and no documents are attached to Calvey's Affidavit that would demonstrate the existence of admissible evidence on the issues raised, these paragraphs should be stricken.

3.  **Paragraph Fifteen of Calvey's Affidavit should be stricken because Calvey lacks personal knowledge of the facts set forth therein and because the facts asserted are not relevant.**

Here, Calvey asserts, again without providing any foundation for his having personal knowledge, that Verizon hired people for positions Parsons would have been qualified for between 1999 and the present. Again, there is no reason for the Court to infer that Calvey has personal knowledge of all of Verizon's hiring over a six-year period. Thus, this paragraph should be stricken.

Even if the Court were to infer personal knowledge, the allegations in Paragraph Fifteen fall short of meeting the admissibility requirement of Rule 56(e). The claim that there were jobs available from time to time during a six-year period is irrelevant to the question of whether there were any jobs available when Parsons applied in February and June of 2001. Calvey might as well have said that there were jobs available between 1890 and the present. In either case, the question of whether there was a job available at the specific time Parsons applied is left unanswered.

Finally, at a minimum the Court should strike that portion of Paragraph Fifteen that purports to demonstrate hiring prior to February 2001. Parsons alleges that the earliest he applied for hire was February 2001 and was thereupon denied employment. Any hiring Verizon may have done prior to that date is irrelevant to the existence of a job when Parsons applied and is therefore inadmissible.

Wherefore, Verizon respectfully requests this Court strike the portions of the Affidavit of Myles Calvey identified above, and grant any other relief the Court deems just and proper.

VERIZON COMMUNICATIONS INC.

By its attorneys,

*/s/ Christopher Powell*

Arthur G. Telegen BBO # 494140
Christopher Powell BBO # 658884
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: March 3, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 3/3/05 */s/ Christopher Powell*