UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEE WRIT | CIVIL ACTION NO. 03-12460-RCL |

ROBERT PARSONS,
                                            Plaintiff,
        V.
VERIZON BELL ATLANTIC
                                            Defendant.

NORTHERN MASSACHUSETTS TELEPHONE
WORKERS FEDERAL CREDIT UNION,
                                            Trustee

## SUMMONS TO TRUSTEE

To the above-named Trustee:

You are hereby summoned and required to file, within 20 days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods effects or credits, if any, of the plaintiff, Robert Parsons and/or Robert W. Parsons of 440 North Avenue, Unit 1, Haverhill, Massachusetts 01830, are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the defendant Verizon Communications, Inc. of 1095 Avenue of the Americas, Room 3758, New York, New York, whose attorney is Christopher J. Powell of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210 may recover in an action brought by the plaintiff in this Court to the value of $35,854.23 (the amount authorized). Such goods, effects or credits are hereby attached. If you do not do so, judgment by default will be taken against you and you will be adjudged trustee as alleged.

The complaint in this case was filed on or about December 15, 2003. This attachment was approved on December 5, 2005 by the United States District Court for the Commonwealth of Massachusetts (Lindsay, J.), in the amount of $35,854.23.

If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant, you are hereby notified that an amount not exceeding $125.00 per week of such wages are exempt from this attachment and you are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If the said credits include a pension payable to said defendant which is not otherwise exempt by law from attachment, you are hereby notified that an amount not exceeding $100.00 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100.00 per week hereafter, are exempt from this attachment and you are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If you are a trust company, savings bank, cooperative bank, credit union, national banking association, or any other banking institution doing business in the Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, c. 24 6, Section 28A , $500.00 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of the amount thereof). No business, trust, or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500.00 exemption at any one time.

Dated this _____ day of December, 2005.

                                            SARAH A. THORNTON
                                            CLERK OF COURT

                                    By:_____
                                            Deputy Clerk

(Trustee Writ- Summons.wpd - 3/7/2005)

1-18-06

I served Verizon Bell Atlantic at 40 Market St., Lowell, Ma., service was accepted, signed for copy, by Sandra Lamplough (Operations Manager) her assistant Karen Sullivan signed at her request for service. (copy of signer enclosed)

Harold Morang, Constable

Service
Copy
Travel
Mi.
Time
_____
$ 55.50

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>TRUSTEE WRIT</u>                                                CIVIL ACTION NO. 03-12460-RCL

<u>ROBERT PARSONS,</u>
                                                Plaintiff,
            v.
<u>VERIZON BELL ATLANTIC</u>
                                                Defendant.

<u>NORTHERN MASSACHUSETTS TELEPHONE</u>
<u>WORKERS FEDERAL CREDIT UNION,</u>
                                                Trustee

## SUMMONS TO TRUSTEE

To the above-named Trustee:

You are hereby summoned and required to file, within 20 days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods, effects or credits, if any, of the plaintiff, Robert Parsons and/or Robert W. Parsons of 440 North Avenue, Unit 1, Haverhill, Massachusetts 01830, are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the defendant Verizon Communications, Inc. of 1095 Avenue of the Americas, Room 3738, New York, New York, whose attorney is Christopher J. Powell of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210 may recover in an action brought by the plaintiff in this Court to the value of $35,854.23 (the amount authorized). Such goods, effects or credits are hereby attached. If you do not do so, judgment by default will be taken against you and you will be adjudged trustee as alleged.

The complaint in this case was filed on or about December 15, 2003. This attachment was approved on December 5, 2005 by the United States District Court for the Commonwealth of Massachusetts (Lindsay, J.), in the amount of $35,854.23.

If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant, you are hereby notified that an amount not exceeding $125.00 per week of such wages are exempt from this attachment and you are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If the said credits include a pension payable to said defendant which is not otherwise exempt by law from attachment, you are hereby notified that an amount not exceeding $100.00 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100.00 per week hereafter, are exempt from this attachment and you are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If you are a trust company, savings bank, cooperative bank, credit union, national banking association, or any other banking institution doing business in the Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, c. 24 6, Section 28A , $500.00 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of the amount thereof). No business, trust, or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500.00 exemption at any one time.

Dated this _____ day of December, 2005.

                                        SARAH A. THORNTON
                                        CLERK OF COURT

                                        By: _____
                                              Deputy Clerk

(Trustee Writ- Summons.wpd - 3/7/2005)

Rec'd on 1-18-06
By Karen Sullivan for Sandra Lamplough